UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHELETHA M. HILL,

Plaintiff,

-against-

NEW YORK CITY HOUSING AUTHORITY (NYCHA), et al.,

Defendants.

25 Civ. 4588 (PAE)

ORDER OF SERVICE

PAUL A. ENGELMAYER, United States District Judge:

Plaintiff Sheletha M. Hill, who appears *pro se*, brings this action asserting claims under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA"), and the Fair Housing Act ("FHA").[1] The Court construes plaintiff's amended complaint as asserting additional claims under the New York State and City Human Rights Laws ("NYSHRL" and "NYCHRL"). Plaintiff names as defendants: (1) the New York City Housing Authority ("NYCHA"); (2) the City of New York; (3) Larissa Ilboudo-Kakou, a NYCHA Property Manager; (4) Paula Davenport, described as a NYCHA "Neighborhood Administrator at Manhattan Property Management"; (5) Daisy Lopez, a NYCHA Assistant Director of Applications and Tenancy Administration; (6) J. Shelton, an Inspector employed by the New

[1] By order dated May 11, 2026, Chief Judge Laura Taylor Swain of this court dismissed plaintiff's federal-law claims in the original complaint, but granted plaintiff leave to file an amended complaint. *Hill v. (NYCHA) N.Y.C. Hous. Auth. Managed Jacob Riis Houses*, No. 25 Civ. 4588, 2026 WL 1295833 (S.D.N.Y. May 11, 2026). Dkt. 17. On July 10, 2026, plaintiff filed an amended complaint in response to that order. Dkt. 18. It is the operative pleading for this action. For the same reasons the court restricted public electronic access to plaintiff's original complaint, the Court does so with respect to plaintiff's amended complaint—plaintiff has revealed, in her amended complaint, the complete dates of birth of other individuals who have not filed anything in this action. *See* Fed. R. Civ. P. 5.2(a)(2); *Hill*, 2026 WL 1295833, at *2 n.2.

York City Department of Housing Preservation and Development; and (7) Felipe Sanchez, the Superintendent of Maintenance at the Jacob Riis Houses, the NYCHA Manhattan apartment complex where plaintiff resides. *See* Dkt. 18. By order dated June 4, 2025, the court granted plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, leave to proceed without prepayment of fees.

For the reasons set forth below, the Court dismisses plaintiff's claims under § 1983 and directs the Clerk of Court to terminate the City of New York and Shelton as defendants in this action. The Court directs service on the remaining defendants.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure ("Rule 8"), which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679.

## DISCUSSION

Because plaintiff asserts claims arising from alleged retaliation and disability discrimination with respect to the conditions of her NYCHA apartment and apartment building, the Court construes plaintiff's amended complaint as asserting claims under 42 U.S.C. § 1983, the FHA, the NYSHRL and the NYCHRL against NYCHA and against the individual NYCHA-employee/officer defendants, and claims under Title II of the ADA and under the RA against NYCHA.[2] The Court also construes plaintiff's amended complaint as asserting Section 1983 claims against the City of New York and Shelton.

---

[2] NYCHA is not an agency of the City of New York; it is a public benefit corporation created by New York State law and it has the capacity to be sued. N.Y. Pub. Hous. Law §§ 37(1)(s), 401.

### A. Claims under 42 U.S.C. § 1983

#### 1. Safe and Sanitary Housing

The Court understands plaintiff's amended complaint as asserting claims of federal constitutional violations against all of the defendants, under 42 U.S.C. § 1983, arising from their alleged violations of plaintiff's purported right to safe and sanitary housing. Dkt. 18 at 7, 9, 13–15, 17, 19–20. As Chief Judge Swain indicated, in the May 11, 2026 order, however, "there is no right, under the United States Constitution, to be provided with safe and sanitary housing." *Hill v. (NYCHA) N.Y.C. Hous. Auth. Managed Jacob Riis Houses*, No. 25 Civ. 4588, 2026 WL 1295833, at *4 (S.D.N.Y. May 11, 2026) (citing and quoting *Lindsey v. Normet*, 405 U.S. 56, 74 (1972)). In addition, as Chief Judge Swain held, "[i]f there is no underlying constitutional violation, . . . the Court need not examine whether the municipality or other local governmental entity is liable under Section 1983." *Id.* (citing *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006)). Because plaintiff cannot assert a right to safe and sanitary housing, the Court dismisses these claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

#### 2. Procedural Due Process Violations

To the extent that plaintiff asserts claims under Section 1983 arising from alleged procedural due process violations connected with the cancellation of plaintiff's Section 8 housing subsidy benefits, the Court must also dismiss those claims. In Chief Judge Swain's May 11, 2026 order, plaintiff was directed to include, in her amended complaint:

> (1) the manner in which she was denied such benefits or how such benefits were discontinued; (2) any and all efforts, both administratively (within NYCHA) and within the state courts (such as via an Article 78 proce[eding]), that she has made to challenge the cancellation of such benefits; and (3) how she was denied procedural due process, or how such process was inadequate. In addition, plaintiff must name as a defendant, in her amended complaint, any

> individual government official directly and personally responsible for cancelling those benefits without due process.

*Hill*, 2026 WL 1295833, at *6.

Plaintiff, in her amended complaint, asserts that her Section 8 housing subsidy benefits were terminated without a pretermination hearing. Dkt. 18 at 87. She does not, however, indicate whether she challenged that termination post-deprivation in a state-court proceeding brought under Article 78 of the New York Civil Practice Law and Rules (an Article 78 proceeding), as directed to in Chief Judge Swain's May 11, 2026 order. *See Hill*, 2026 WL 1295833, at *6. Accordingly, the Court dismisses plaintiff's § 1983 claims arising from alleged procedural due process violations connected with the cancellation of plaintiff's Section 8 housing subsidy benefits for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii); *Hill*, 2026 WL 1295833, at *6 ("'[I]f a plaintiff had an opportunity to contest a defendant's actions but failed to do so, [however,] there can be no claim for violation of his or her procedural due process rights under 42 U.S.C. § 1983.'" (citation omitted)).

**3. Failure to Enforce the Law**

Plaintiff seems to assert claims of federal constitutional violations, under § 1983, against the defendants arising from their alleged failures to enforce the law and relevant regulations with respect to the conditions of plaintiff's NYCHA apartment and apartment building. The Court must dismiss those claims as well. With the exception of circumstances not relevant here, there is generally no federal constitutional duty requiring a government or government official to, among other things, enforce the law or regulations. *See Town of Castle Rock v. Gonzales*, 545 U.S. 748, 755-56 (2005); *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989); *Hirsh v. City of New York*, 300 F. Supp. 3d 501, 511 (S.D.N.Y. 2018) (Ramos, D.J.) ("[T]he Court concludes that plaintiff has not plausibly alleged constitutional violations based on

the allegation that the City abdicated its duty to enforce its rules and regulations and train its employees to follow those rules."), *aff'd*, 751 F. App'x 111 (2d Cir. 2018) (summary order); *Assoko v. City of New York*, 539 F. Supp. 2d 728, 738 (S.D.N.Y. 2008) (Howell, D.J.) (housing-inspection context); *see also Allen v. N.Y.C. Hous. Auth.*, No. 10 Civ. 168, 2012 WL 4794590, at *7-10 (S.D.N.Y. Sept. 11, 2012) (dismissing NYCHA tenant's claim that NYCHA's alleged failure to remedy a mold condition in his apartment constituted a "state-created danger" exception to the *DeShaney* rule). The Court therefore dismisses those § 1983 claims for failure to state a claim on which relief may be granted, *see* § 1915(e)(2)(B)(ii), including such claims against the City of New York and NYCHA, *see Segal*, 459 F.3d at 219. Accordingly, the Court directs the Clerk of Court to terminate the City of New York and Shelton from this action.

**B. Service on the Remaining Defendants**

Because plaintiff has been granted permission to proceed IFP, she is entitled to rely on the assistance of the court and the United States Marshals Service ("USMS") to effect service on the remaining defendants (NYCHA, Ilboudo-Kakou, Davenport, Lopez, and Sanchez).[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure ("Rule 4(m)") generally requires that the summons and the complaint be served within 90 days of the date the complaint is filed, plaintiff is proceeding IFP and could not have served summonses and the amended complaint on the remaining defendants until the Court reviewed the amended complaint and ordered that summonses be issued for the remaining defendants. The Court therefore extends the time to serve the remaining defendants until 90 days after the date that the summonses for the remaining defendants are issued. If summonses and the amended complaint are not served on the remaining defendants within 90 days from the date that summonses for the remaining defendants are issued, plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow plaintiff to effect service on the remaining defendants through the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for each of the remaining defendants. The Clerk of Court is further instructed to issue summonses for the remaining defendants (NYCHA, Ilboudo-Kakou, Davenport, Lopez, and Sanchez) and deliver to the USMS all of the paperwork necessary for the USMS to effect service of a summons and the amended complaint (Dkt. 18) on each of the remaining defendants.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if she fails to do so.

### C. City Bar Justice Center

The City Bar Justice Center ("CBJC") operates the SDNY Federal Pro Se Legal Assistance Project to assist parties representing themselves in civil cases filed in this court.[4] Appointments can be scheduled by completing the CBJC's intake form. If plaintiff is not able to complete this form, or if she has questions about the form, she should call (212) 382-4794.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to plaintiff.

For the reasons set forth in this order, the Court dismisses plaintiff's claims under 42 U.S.C. § 1983 against all of the defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court therefore also directs the Clerk of Court to terminate the City of New York and Defendant J. Shelton as defendants in this action.

---

[4] The CBJC is a private organization that is not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court.

The Court additionally directs the Clerk of Court to: (1) issue summonses for the remaining defendants (the New York City Housing Authority, Ilboudo-Kakou, Davenport, Lopez, and Sanchez); (2) complete the USM-285 forms with the service addresses of the remaining defendants; and (3) deliver all documents necessary to effect service of the summonses and the amended complaint, Dkt. 18, on the remaining defendants to the USMS.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 3, 2026
New York, New York

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. New York City Housing Authority
   90 Church Street
   11th Floor
   New York, New York 10007

2. Larissa Ilboudo-Kakou
   Property Manager
   New York City Housing Authority
   90 Church Street
   11th Floor
   New York, New York 10007

3. Paula Davenport
   Neighborhood Administrator at Manhattan Property Management
   New York City Housing Authority
   97 Avenue C
   New York, New York 10009

4. Daisy Lopez
   Assistant Director of Applications and Tenancy Administration
   New York City Housing Authority
   90 Church Street
   11th Floor
   New York, New York 10007

5. Felipe Sanchez
   Superintendent of Maintenance at Jacob Riis Houses
   New York City Housing Authority
   454 East 10th Street
   New York, New York 10009